NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY,
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAURA LAPORTE, *et al.*, <br><br> Relators, <br><br> v. <br><br> PREMIERE EDUCATION GROUP, L.P., *et al.*, <br><br> Defendants. | Civil No. 11–3523 (RBK/AMD) <br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' August 21, 2017 Motion for Reconsideration and to Certify an Interlocutory Appeal and to Stay the Proceedings (Doc. No. 170), and Response (Doc. No. 178) and Reply (Doc. No. 181) thereto. Defendants move for reconsideration of this Court's August 11, 2017 Opinion. (Doc. No. 167). That decision declined to reconsider this Court's May 11, 2016 Opinion (Doc. No. 119), granting in part and denying in part Defendants' motion to dismiss the Fourth Amended Complaint.

Defendants also seek an order certifying the August 11, 2017 Opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In addition, they seek a stay of proceedings pending a decision by the Third Circuit Court of Appeals if an appeal is certified. For the reasons that follow, Defendants' motion is **DENIED.**

1

## I. BACKGROUND AND PROCEDURAL HISTORY

This Court laid out the facts of this case in great detail in our previous opinion addressing Defendants' motion to dismiss the Fourth Amended Complaint. *See* May 11, 2016 Opinion at 1-8 (Doc. No. 111). We dismissed a number of counts, but found that Plaintiffs had stated False Claim Act ("FCA") claims under the implied false certification theory for Defendants' allegedly misleading career placement performance numbers, violations of the Incentive Compensation Ban related to providing bonuses based on enrollments, and altering students' grades and attendance records. Shortly after that decision, Defendants filed a Motion for Certificate of Appealability on May 23, 2016, asking the Court to certify a question to the Third Circuit on whether "[Program Participation Agreements] and [Higher Education Act] Title IV statutes and regulations are conditions of participation rather than conditions of payment such that [FCA] Remaining claims asserted by Plaintiffs should have been dismissed." They also sought a stay pending that request's resolution. On June 16, 2016, this Court denied this certification request and the stay. On the prompting of the parties (Doc. Nos. 162, 163), we directed them to file briefs addressing the impact, if any, of *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), on the Court's May 2016 decision regarding Defendants' motion to dismiss. After briefing, the Court issued its August 11, 2017 Opinion and Order, declining to reconsider its May 2016 decision. Defendants then timely filed the instant set of motions.

## II. DISCUSSION

### A. Motion for Reconsideration of the August 11, 2017 Decision

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration, which allow a party to seek reconsideration of matters that the party believes the judge has overlooked. *See Carney v. Pennsauken Twp. Police Dep't*, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). "The standard for reargument is high and reconsideration is to be granted only

2

sparingly." *Yarrell v. Bartkowski*, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). The standard is high because in most circumstances, a party should use the appellate process when it disagrees with a court's decision. *See Soboleski v. Comm'r of Soc. Sec.*, 2015 WL 6175904, at *1 (D.N.J. Oct. 20, 2015). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A court may reconsider its own decisions, with or without a motion by the parties, pursuant to L. Civ. R. 7.1(i). *See, e.g., F.D. v. Holland Twp. Bd. of Educ.*, 2007 WL 2021782, at *1 (D.N.J. July 9, 2007).

On August 11, 2017, this Court, after briefing by the parties on whether *Escobar* materially affected its prior decision, declined to reconsider its May 2016 decision. Defendants argue the Court overlooked factual or legal issues in this August 2017 decision that may alter the ultimate disposition of the case. Yet the parties already had occasion to present arguments on whether the Supreme Court's decision in *Escobar* required reconsideration of this Court's May 2016 decision. We decided it did not; now Defendants ask for another reconsideration. The Court declines, however, to follow Defendants' "Matryoshka Doll" approach to motions for reconsideration, in which each decision contains within it the miniaturized makings of a subsequent motion for re-reconsideration. *See Mars, Inc. v. Coin Acceptors, Inc.*, 2006 WL 2990371, at *3 (D.N.J. Oct. 18, 2006) (denying "a motion for re-reconsideration" of issues already reconsidered), *aff'd*, 210 F. App'x 991 (Fed. Cir. 2006); *United States v. DeLaurentis*, 83 F. Supp. 2d 455, 474 (D.N.J. 2000) (Reconsideration is not appropriate "as a means of having a second bite at the proverbial

apple . . . there must be some end to the litigation of every conceivable issue and [] it may be the better part of valor to recognize when that time has come"), *vacated on other grounds*, 230 F.3d 659 (3d Cir. 2000). The Court has already considered the impact of *Escobar*, and decided it did not warrant reconsideration of its past opinion. We decline to do so again. We note further that no question of new law, new facts, or clear error presents itself on this motion, as is necessary under Local Civil Rule 7.1(i). As such, Defendants' motion for (re-)reconsideration is denied.

### B. Motion for Certification of the August 11, 2017 Opinion for Interlocutory Appeal

In the alternative, Defendants ask the Court to certify its August 11, 2017 Opinion for interlocutory appeal. A litigant may apply for interlocutory review of an otherwise non-appealable district court order by petitioning the district court to certify its order to the appropriate appellate court pursuant to 28 U.S.C. § 1292(b). To obtain certification, a movant bears the burden of showing there is (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) where an immediate appeal may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Interlocutory appeal is used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation. *S.E.C. v. Lucent Techs., Inc.*, 2009 WL 4508583, at *8 (D.N.J. Nov.16, 2009). Merely questioning a court's ruling is insufficient. *Kapossy v. McGraw–Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). A district court may exercise considerable discretion in determining whether a particular order is appropriate for interlocutory review. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *Katz*, 496 F.2d at 754.

Certifying our August 2017 opinion for interlocutory appeal is inappropriate given the importance of procedure and economy to the § 1292(b) inquiry. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 764 (3d Cir. 1974) (Seitz, J., dissenting) (observing that § 1292(b) was drafted with

an eye toward the "need to avoid piecemeal review and its attendant delays and waste of time"). The Court does not see how an interlocutory appeal of the August 2017 opinion would materially advance the litigation's outcome in a manner different than it would have the first time we denied such certification in this litigation. Indeed, given the narrower scope of the August 2017 opinion, which evaluated whether the prior May 2016 opinion should be reconsidered, certification would likely advance the outcome even less. This is the sort of delay and waste of time § 1292(b) was intended to avoid. Interlocutory appeal is the exception, not the rule, and certification will not tend to advance materially the outcome of litigation already six years old and not yet in discovery. As such, the motion for certification of the August 11, 2017 Opinion for an interlocutory appeal is denied.

### C. The Motion to Stay

As the predicate motions for the requested stay are denied, this request is moot. The request for a stay is denied.

### III. CONCLUSION

For the reasons expressed above, Defendants' Motion is **DENIED**. An order will follow.


Dated: 09/19/2017                                                      s/ Robert B. Kugler

                                                                                        ROBERT B. KUGLER

                                                                                        United States District Judge