LAW OFFICES
# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501
TELEPHONE: (516) 747-0300
FACSIMILE: (516) 747-0653
INTERNET: www.meltzerlippe.com

December 11, 2017

**VIA ECF FILE and FedEx**
U.S. Magistrate Judge Ann Marie Donio
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Re: **_LaPorte, et al. v. Premier Education Group, L.P., et al._**, 1:11-CV-03523-RBK-AMD

Dear Magistrate Judge Donio:

We represent defendants Premier Education Group, L.P. and Premier Education Group, G.P., Inc. (collectively, "Premier" or "Defendants") in the above-referenced matter. Respectfully, we write this letter with the consent of Plaintiffs' counsel to advise the Court, as the Court previously directed during the October 31, 2017 Court conference, that the parties have agreed to mediation, selected a highly regarded mediator, scheduled the mediation for March 13, 2018 and have agreed to a schedule for submission of pre-mediation statements. Respectfully, Defendants request a stay of discovery and other deadlines issued in this action pending mediation, including a conference call with the Court scheduled for December 19, 2017 at 3 pm and the submission of discovery dispute letters two days before that date. Plaintiffs do not oppose the issuance of a stay.

Both parties are in agreement that it is critical that mediation take place at this juncture in the litigation before enormous expenses and resources are incurred by both sides in extensive electronic and other discovery. For the reasons set forth below, Premier writes this letter to explain why the March 13, 2018 date agreed to by both sides and the mediator is necessary and to support Defendants' unopposed request for a stay.

The requested stay pending the mediation date on March 13, 2018 is related to critical operation needs of Premier which will require the attention and focus of management through June 2018; however, as explained below, Premier will be able to participate in a mediation on March 13, 2018. This request is due to federally mandated conditions and deadlines with which all proprietary schools subject to the changes noted below must comply in order to remain viable and to allow their students to continue to participate in Title IV funding available through the United States Department of Education (the "Department").

As background, Federal student loans and grants administered under Title IV can be awarded to students who attend an institution that is approved by an "accrediting agency" or "accreditor" recognized by the Department. The Department-recognized accreditors act as quasi-governmental regulators charged with monitoring quality assurance levels at institutions that receive federal financial aid funds. As part of the recognition process, each of the accreditors, are recognized by the Department for a period of time, which is referred to as the

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
U.S. Magistrate Judge Ann Marie Donio
December 11, 2017
Page 2

"grant of recognition". Prior to the expiration of a grant of recognition, an accrediting agency must submit a detailed application to the Department in order to continue to be recognized.

In December 2016, the Department rendered a decision to no longer recognize Accrediting Council for Independent Colleges and Schools ("ACICS"), one of the leading accreditors of career schools across the nation. This decision came after an extensive review of ACICS's application by the Department, its staff and all bodies associated with reviewing applications by accreditors to continue their grant of recognition.

The Department's decision was not based on Premier, but rather, the Department's recognition requirements which ACICS is required to meet in connection with its grant of accreditation. As a result of this decision, and under federal regulations, all schools that are impacted by the Department's decision (*i.e.*, schools that were accredited by ACICS) are given 18 months (*i.e.*, until June 2018) to transfer to a new federally-recognized accreditor. If these schools are unable to successfully transfer within the proscribed time period, their students will no longer be able to participate in Title IV funding. The process and time line required for schools is explained herein, which, respectfully, shows the high level of importance and the significant amount of time and resources Premier and all other schools must dedicate to this transition process in the interests of its students.

More than half of Premier schools are accredited by ACICS and are in the process of transitioning to a new accreditor. Under the regulations and Department guidelines, the transition requirements have multiple milestones that each school must meet within a specified timeframe. Premier has been working towards this transition since 2016, and has met all of the milestone required thus far, but has to complete the remainder to be able to successfully transition within the timeline required by the Department. Applicable here, this includes official on-site evaluations, review and approval by the new accreditor's commission and various reports that must be submitted simultaneous with such visits and commission review. With respect to specific timing, Premier has eight (8) accreditor visits scheduled at various dates between January 8 and February 28, 2018, which, under the Department's guidelines, is the date by which all on-site visits must be completed. The new accreditor on-site visits themselves span geographically from New Hampshire to Florida, requiring extensive travel for Premier's management and operational staff. Following these visits, Premier will have additional information and submissions due to its new accreditor before its regularly scheduled commission meeting held in April 2018. This transition is critical to Premier's continued operations and is a goal the company has been working to achieve since December 2016.

All members of the legal team, compliance team, senior operators, and others will be in attendance at the new accreditor on-site evaluations and working towards the new accreditor transition process. The same key staff that is involved in the new accreditor process would be in attendance at the mediation and working on gathering critical information to prepare for the mediation. They are vital to a successful mediation. Given the final accreditor process occurring in January and February 2018 and finalizing that process in the beginning of March, it is not possible for Premier to undertake mediation until March 13, 2018.

819062-2

Meltzer, Lippe, Goldstein & Breitstone, LLP

U.S. Magistrate Judge Ann Marie Donio
December 11, 2017
Page 3

      For these reasons, Premier respectfully requests that the Court grant a stay of discovery and other deadlines in this case pending mediation on March 13, 2018. Plaintiffs do not oppose this request. Both parties understand that mediation at this point in the litigation, before extraordinary time and expense is incurred in discovery, is of critical importance. Respectfully, Premier does not believe this delay will result in prejudice to any party as a trial on the issues presented in this action (which the mediation is intended to resolve) will likely not occur for at least another year. Rather, scheduling mediation when Premier is able to dedicate the necessary resources and focus will help to ensure the mediation is given the time and attention it needs so that it may be successful, which is certainly Premier's intention and goal. The parties have agreed upon a mediator, the mediation date and the schedule for pre-mediation submissions. The parties can provide the Court with updates so the Court can ensure the parties are on track and engaging in the alternative dispute resolution process without undue delay and in a cooperative manner.

      Finally, the Court has scheduled a conference call with counsel for December 19, 2017 at 3 p.m. Two days before that time, counsel are required to submit letters to the Court with respect to discovery disputes. Should the Court grant the requested stay, counsel respectfully requests that the December 19, 2017 conference call be adjourned pending the mediation. Alternatively, should the Court desire counsel to participate in the December 19, 2017 telephone conference, counsel respectfully requests that the submission of discovery letters be adjourned.

      We are available to discuss this matter further with the Court. Thank you for your attention to this matter.

                                                Respectfully submitted,

                                                Richard Howard and
                                                Loretta Gastwirth

cc: All Counsel

819062-2